# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RODERICK V. RICKS,           *

    Petitioner,           *

                                        CASE NO. 5:09-CV-90054 HL

vs.           *           28 U.S.C. § 2255

                                        CASE NO. 5:06-CR-61 HL

UNITED STATES OF AMERICA,           *

    Respondent.           *

## REPORT AND RECOMMENDATION

Petitioner Rick's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Ricks was indicted in this court on June 22, 2006. (Doc. 1). On April 19, 2007, he entered into a Plea Agreement (Doc. 39), waived indictment (Doc. 37), and pleaded guilty to Possession With Intent to Distribute More Than 50 Grams of Methamphetamine in violation of Title 21, United States Code Section 841(a)(1) and (b)(1)(B)(viii) as charged in a Superseding Information filed on April 19, 2007. (Doc. 36). Petitioner Ricks was sentenced on September 27, 2007, to a term of imprisonment of 188 months. (Doc. 64). He appealed his sentence to the United States Court of Appeals for the Eleventh Circuit which affirmed the same on July 1, 2008. (Doc. 85). Petitioner then filed a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 88).

## Petitioner's § 2255 Claims

As **Ground One** of his Motion to Vacate, Petitioner Ricks alleges ineffective assistance of counsel, saying:

> Counsel failed to object to drug calculation pursuant to F.R.Cr.P., Rule 32. Petitioner contends that before sentencing counsel had a duty to investigate and object to errors in the PSR pursuant to F.R.Cr.P. Rule 32(f). Mr. Ricks contends that counsel did not properly investigate or object to PSR as competent counsel in a similar situation would have.

As his **Ground Two** claim, Petitioner Ricks alleges ineffective assistance of counsel, stating that:

> (1) counsel failed to investigate petitioner's prior convictions.
> (2) counsel failed to present mitigating factions pursuant to 18 U.S.C.§ 3553(a) concerning prior convictions.
> (3) counsel failed to object to use of prior convictions before sentencing, during sentencing or otherwise pursuant to F.R.Cr.P., Rule 32.

As his **Ground Three,** Petitioner alleges ineffective assistance of counsel stating:

> Petitioner contends that during these proceedings counsel's representation fell short of what reasonable competent counsel would or should be. Petitioner does not cite specific facts but preserves the right to brief this ground after discovery.

An evidentiary hearing was held on Petitioner's Motion to make any necessary factual determinations stated or implied in his claims. (Trans. Doc. 123). Counsel's performance will be discussed following a discussion of the legal standards for determining ineffective assistance of counsel. First, vague and conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991); *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). To establish deficient performance, a defendant must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constituted sound trial strategy. *Chatelaine v. Singletary*, 89 F.3d 749 (11th Cir. 1996). In order to show that counsel's performance was unreasonable, a petitioner must show that no competent counsel would have taken the action in question. *Van Pock v. Florida Department of Corrections*, 290 F.3d 1318 (11th Cir. 2002). To satisfy the prejudice prong, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the proceedings would have been different. *Mills v. Singletary*, 63 F.3d 999 (11th Cir. 1995); and *Weeks v. Moore*, 216 F.3d 951 (11th Cir. 2000). If a defendant fails to establish that he suffered prejudice as a consequence of the alleged ineffective assistance, a court need not address the performance prong of the *Strickland* test. *Holiday v. Halley*, 209 F.3d 1243 (11th Cir. 2000).

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's

3

offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

The undisputed and stipulated offense, as recapped by the Court of Appeals for the Eleventh Circuit in its affirmation of Ricks' conviction and sentence, was that:

> On February 27, 2006 ... [Ricks] was observed in a Nissan Maxima on I-75 South following too closely behind a semi-tractor trailer in the middle lane. A sheriff's deputy blue lighted the vehicle at which time the vehicle pulled into the fast lane and passed the semi-tractor trailer [, and] then exited the highway on the right hand side.
>
> In order to avoid vehicles that were stopped on the exit ramp, [Ricks] drove his vehicle in the grass. The vehicle then made a left hand turn onto Highway 36 and passed another semi-tractor trailer. At this time a large bag was observed being tossed out of the vehicle. A short time later two smaller bags were seen being thrown out of the vehicle. The vehicle was finally stopped in Jackson, Georgia.
>
> Law enforcement went to the scene where the bags had been thrown out of the vehicle. It was determined that the larger bag contained "Ecstacy" a/k/a (MDMA) pills and the smaller bags contain[ed] marijuana. Law enforcement were able to recover approximately five pounds of "Ecstacy" pills.

(Doc. 85 at 4, 5). Indictment was returned on June 22, 2006, charging Ricks with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), §

4

841(b)(1)(A)(viii) and 18 U.S.C. § 2, in Count One, and possession with intent to distribute Ecstacy in violation of 21 U.S.C. § 841(a)(1), § 841(b)1)(C), and 18 U.S.C. § 2 . (Doc. 1).

At that point in the case, Petitioner Ricks was facing on Count One, upon conviction (which the Sheriff's video of the high speed chase made to appeared likely) a statutory term of imprisonment of 20 years to life under 21 U.S.C. § 841(b)(1)(A)(viii), because he had a prior felony drug conviction in Florida, which was not disputed. Title 21, U.S.C. § 841(b)(1)(A)(viii) provides that if a person convicted of 50 grams or more of methamphetamine "commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment... ." Ricks sentence exposure on Count Two was no more than twenty years. 21 U.S.C. § 841.

Petitioner's claims of ineffective assistance of counsel become ludicrus in view of what his counsel actually accomplished for him under the dire circumstances of Ricks' case. The evidentiary hearing reveals that defense counsel succeeded in negotiating a plea agreement with the government that reduced Ricks drug calculation from 5 pounds of Ecstacy to 475 grams of methamphetamine and his sentence exposure from a statutory 20 years to life down to 5 to 40 years, via Superseding Information, and ultimately getting a sentence of 188 months at the lowest end of the range according to the advisory Sentencing Guidelines. (Doc. 7-11, 22). Ricks' counsel contacted Ricks' prior attorney in Florida who faxed counsel Ricks' prior criminal history. Obtaining certified copies would have been of no advantage to Ricks. *Id.* at 21. Defense counsel argued against "career offender" treatment on the basis that one of Ricks' prior convictions was not a violent offense. *Id.* at 16, 17. However, career offender treatment was the least of Ricks' worries, because the statutory

5

sentences that he originally faced before his counsel negotiated the sweetheart deal for him would have netted him a mandatory minimum of 20 years pursuant to § 841(b)(1)(A)(viii) and his prior felony drug conviction in Florida, which the PSI revealed to the court.

At his § 2255 hearing (Doc. 123), Petitioner Ricks was asked why he filed the § 2255, and he answered, "For certain points that my lawyer didn't bring up during sentencing, arguments about the career offender." *Id.* at 34. Ricks then recalled discussions with his attorney, stating:

> Well, um, first we were discussing about the, um, about going to trial or not. We were going over the DVD. He was showing me the DVD. And then one time he came out he told me about a deal, a deal that they came to him with, saying that if I plead out now it would be like five years. So, so, um, that was basically what we did, we just – – we was working on the plea.

*Id.* Ricks continued explaining the facts of the deal in question, saying:

> Well, what he told me was that if I plea out now, that I'll be pleading out to five years. If I take the plea now, that my, um, it was um – – it would be dropping from, um, I think it was 20 to life, to 5 to 40, the deal that they came to him with to bring to me.

*Id.* at 35. Ricks expressed concern when his attorney told him about the career offender factor of his possible sentence. His § 2255 hearing counsel asked, "You heard the argument that he made on your behalf ... with respect to the career offender? ... Was there something else you wanted him to do, or you felt like he did not do, concerning the issue of escape and the career offender?" Ricks answered:

> Well, I just felt that he didn't put up too much of an argument about the escape charge. That was the reason why I filed the 2255, because I felt like it could have been more said about it, and, you know, I just felt like something else could have been done.

*Id.* at 40. Ricks hearing counsel asked, "So your decision to enter a plea was based on what?"

6

Ricks answered, "On, um, the deal that they came at me with, the 5 to 40, that was the reason I signed the plea." *Id.* Ricks hearing counsel repeated, "And you state your decision was based on the 5 to 40? ... So you received what you wanted, 5 to 40?" Ricks responded:

> Well, I didn't have a problem with my plea agreement. That's not the case here. The only problem that I had was the career offender. I just felt like I shouldn't have been a career offender, that my guideline range should have been – – was supposed to [be] 120 to 150 instead of 188 to 235.

*Id.* at 41. Hearing counsel asked, "Now, was there any other mitigating evidence that you wanted your attorney to present on your behalf?", to which Ricks answered, "No. That was it. It was just the career offender." *Id.* Ricks also stated that he had no big concern about the drug calculation, just the escape charge, "I felt like that was an error." *Id.* at 42.

On cross-examination, Ricks was shown his Exhibit 2 which was a certified copy of his guilty plea to the felony escape charge from Florida while represented by an attorney named Blanker. *Id.* The Government's counsel stated, "[So], it's not the fact that you pled guilty to the felony escape charge ... it is the fact that you don't believe those facts fit what a violent felony – a violent act is under the career offender guideline range, is that correct?" Ricks answered, "Yes." *Id.* at 43, 44. Government's counsel asked:

> So the issue did not become apparent to you until at the time the pre-sentence report came down and it said you are a career offender based on your felony escape charge and then another felony drug charge, which was equal to a distribution charge?

*Id.* at 46. To which Ricks answered, "Yes." Counsel asked, "And you don't dispute the drug charge, so we're putting that away?" Ricks answered, "No, I don't dispute that." *Id.*

Petitioner Ricks has failed to support any claim of ineffective assistance of counsel. In fact,

7

by his testimony, he appears to have abandoned the ineffective assistance claims. Nonetheless, he has failed to show any deficiency in counsel's conduct or any prejudice he suffered as the result of counsel's acts or ommissions.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED as failing to show any cause upon which this court might grant relief. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 13th day of May 2010.

                                              **S/G. MALLON FAIRCLOTH**
                                              **UNITED STATES MAGISTRATE JUDGE**